**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:14-cv-01108-REB

RUTHANN MOOMY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed April 17, 2014, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that she is disabled as a result of multiple sclerosis and associated fatigue and cognitive dysfunction. After her current application for disability

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

insurance benefits was denied,[2] plaintiff requested a hearing before an administrative law judge. This hearing was held on August 23, 2012, and continued to November 16, 2012. At the time of these hearings, plaintiff was 57 years old. She has a Ph.D. in economics and past relevant work experience as an investment advisor. She has not engaged in substantial gainful activity since August 23, 2010, her amended alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a range of sedentary work with certain postural, environmental, and nonexertional limitations. After consulting with a vocational expert, the ALJ found this residual functional capacity to be consistent with the all the demands of plaintiff's past relevant work as it is generally performed in the national economy, and therefore found plaintiff not disabled at step 4 of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous

---

[2] Plaintiff filed a prior application for benefits, which application was denied initially and then again following an administrative hearing. Plaintiff did not appeal the denial of that application, but instead filed the application which forms the basis of this appeal.

work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work

> in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff's primary argument on appeal is that the ALJ erred in his assessment of the weight to be given to the various medical source opinions of record. More specifically, plaintiff complains of the ALJ's determination to discredit such opinions to the extent they relied on plaintiff's subjective complaints of fatigue and cognitive decline with sustained effort. Contrary to the general thrust of this argument, the ALJ's opinion on the whole bespeaks a thorough and yeoman-like effort to vet and weigh the multiple medical opinions of record and the evidence supporting or contradicting them. The ALJ addressed the majority of these opinions thoughtfully and thoroughly, giving specific, legitimate reasons tied to the evidence of record for his conclusions as to the weight assigned to each. To that extent, it would not be proper for this court essentially to reweigh the evidence. *See Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). *See also Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988) (conflicts in the evidence are for the ALJ to resolve).

Nevertheless, the majority of the medical source opinions, as well as the treatment records and examination findings that support them, predate plaintiff's alleged date of onset – by a period of as much as three years in some instances. The only exceptions are the opinions of plaintiff's treating psychiatrist, Dr. Cynthia Smith,[3] and

---

[3] Plaintiff also received psychiatric treatment from Dr. Daniel Hoffman from May, 2009, through October, 2010, which encompassed at least one visit post-dating her alleged date of onset. (*See* Tr. 265-274.) Dr. Hoffman issued no opinion regarding plaintiff's functional capacity, however. Although the ALJ's failure to acknowledge or discuss Dr. Hoffman's treatment notes would not warrant remand on its

that of the consultative examiner, Dr. Peter Quintero, a neurologist.[4] Dr. Quintero suggested that, although plaintiff's fatigue was "impossible to quantitate [*sic*] on examination," "she is a high functioning individual" and that her mental status examination was "normal by usual standards, but not normal for her." (Tr. 313.) Dr. Smith, by contrast, stated that plaintiff was significantly restricted in most facets of the mental demands of work, such that she would be unable to perform adequately for more than 30% of the workday and was likely to be unable to complete a full work day five or more days a month. (Tr. 396-400.) The ALJ gave Dr. Quintero's opinion "significant weight" (Tr. 25), but afforded Dr. Smith's assessment "minimal weight." (Tr. 27.)

Ultimately, however, neither of the reasons cited by the ALJ for affording Dr. Smith's opinion such little weight ultimately bear scrutiny. First, the ALJ stated that Dr. Smith's opinion was not supported by her underlying treatment notes, which he said "fail to disclose any significant findings that would support the claimant's allegations of 'disability' or the opined functional limitations[.]" (Tr. 27.) The court is unclear how the ALJ could have arrived at such a conclusion, however, because Dr. Smith's handwritten notes, while copious, are almost completely illegible. (*See* Tr. 373-394.) The court has been largely unable to decipher them, and it is not apparent that the ALJ had any better luck, as his conclusion in this regard is completely unsubstantiated in any particular.

---

own, the ALJ may address those records on remand to the extent appropriate.

[4] Plaintiff also continued to receive treatment from her treating neurologist, Dr. Allen Bowling, after her alleged date of onset. However, despite Dr. Bowling's opinion that plaintiff suffered from debilitating fatigue (*see* Tr. 345), it appears that in fact he deferred treatment of plaintiff's alleged cognitive decline and fatigue to Dr. Smith (*see* Tr. 256). His own examination findings showed that the underlying physical findings related to plaintiff's multiple sclerosis were relatively mild and stable after the alleged date of onset. (*See* Tr. 323-236, 255-256.) Here again, however, the ALJ is free to revisit Dr. Bowling's opinions on remand.

Remand therefore is required to clarify the content of Dr. Smith's notes so that the ALJ may properly substantiate his conclusions as to the weight to be afforded her opinion. *See Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2nd Cir. 1975) ("Under the circumstances this court has no way to determine whether the Secretary fully understood some of the medical reports before him. Where the medical records are crucial to the plaintiff's claim, illegibility of important evidentiary material has been held to warrant a remand for clarification and supplementation."). *See also Manso-Pizarro v. Secretary of Health & Human Services*, 76 F.3d 15, 18 n.5 (1st Cir. 1996); *Miller v. Heckler*, 756 F.2d 679, 680-81 (8th Cir. 1985).

      The second reason offered by the ALJ for discounting Dr. Smith's opinion of plaintiff's functional capacity was its purported inconsistency with the other evidence of record, specifically, the clinical findings of Drs. Schneiders and Baroffio. (Tr. 27.) These findings, however, were based on examinations that were undertaken in 2007 (Tr. 275-282, 283-284), 2008 (Tr. 366-369), and 2009 (Tr. 285-291), all well prior to plaintiff's alleged date of onset. This rationale seems to take inadequate account of the fact that multiple sclerosis is a progressive disease. *See Dunn v. Colvin*, 2014 WL 4792113 at *5 (E.D.N.C. July 30, 2014), *adopted*, 1024 WL 4771620 (E.D.N.C. Sept. 23, 2014); *Valley v. Astrue*, 2012 WL 3257876 at *1 (E.D. Va. 8 Aug. 2012). The court therefore cannot say with any confidence that plaintiff's level of cognitive functioning at some earlier time, but more than a year prior to her alleged date of onset, is appropriately considered as indicative of her continuing status during her alleged period of disability.

Accordingly, I find and conclude that the ALJ's conclusion as to the weight to be afforded Dr. Smith's opinion is not supported by substantial evidence.[5] The case therefore must be remanded for further proceedings. However, to the extent plaintiff may be seeking a directed award of benefits, I do not find that this case to be an appropriate instance for the exercise of my discretion in that regard.[6]  **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).

### IV.  ORDERS

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2. That this case is remanded to the ALJ, who is directed to

    a. Seek further clarification and/or supplementation of Dr. Smith's treatment notes;

    b. Recontact any treating or examining physicians for further clarification of their findings, seek the testimony of medical experts, order further consultative examinations, or otherwise further develop the record as he deems

---

[5] Although remand is warranted on this basis, I find no reversible error in the ALJ's classification of plaintiff's past relevant work. The ALJ solicited the opinion of a vocational expert on this very issue, and the expert gave a thoughtful, cogent, and reasoned opinion as to why he believed plaintiff's past relevant work was more properly characterized as that of "Economic Analyst" rather than "Financial Planner." (Tr. 56-57.) "'A vocational expert is uniquely qualified to determine how jobs are categorized or classified in the [Dictionary of Occupational Titles].'" **Perotin v. Colvin**, 2015 WL 2444424 at *5 (D. Colo. May 19, 2015) (quoting **Spencer v. Commissioner of Social Security**, 2014 WL 4351418 at *4 (S.D. Ohio Sept. 2, 2014). His opinion constitutes substantial evidence in support of the ALJ's conclusion as to the proper classification of plaintiff's past relevant work.

[6] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

        necessary;

    c.    Reevaluate plaintiff's residual functional capacity at step 4 of the sequential evaluation process, articulating fully his findings in this regard and properly weighing those medical opinions of record which are contemporaneous with plaintiff's alleged period of disability, including but not limited to, those of Drs. Smith and Quintero;

    d.    If necessary and based on his determination at step 4, make findings relevant to step 5 of the sequential evaluation; and

    e.    Reassess the disability determination; and

3. That plaintiff is awarded her costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated May 28, 2015, at Denver, Colorado.

        **BY THE COURT:**

        *Bob Blackburn*
        Robert E. Blackburn
        United States District Judge